UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>STEPHEN JOSEPH CRITTENDEN,<br><br>Defendant. | No. 2:23-cr-00235-TLN<br><br>**ORDER** |

This matter is before the Court on Defendant Stephen Joseph Crittenden's ("Defendant") *pro se* Motion for Sentence Reduction. (ECF No. 35.) The Federal Defender's Office filed a notice indicating it would not assume representation of Defendant in this matter. (ECF No. 37.) The Government filed an opposition to the Motion for Sentence Reduction. (ECF No. 38.) Defendant did not file a reply. For the reasons set forth below, the Court DENIES Defendant's motion.

On April 11, 2024, Defendant pleaded guilty to bribery concerning programs receiving federal funds in violation of 18 U.S.C. § 666(a)(1)(B). (ECF No. 22.) In the presentence report ("PSR"), the probation officer found a total offense level of 21, which accounted for a two-level reduction for Defendant's "zero-point offender" status. (ECF No. 28 at 6.) On December 5, 2024, the Court adopted the PSR in full and sentenced Defendant to 25-months imprisonment, below the applicable guideline range of 37 to 46 months. (ECF Nos. 28, 34.)

1   On June 9, 2025, Defendant filed the instant motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), which allows for a sentence reduction when a defendant's guideline range has subsequently been lowered by the Sentencing Commission. (ECF No. 35.) Defendant's request is based on Amendment 821 to the United States' Sentencing Guidelines, which took effect November 1, 2023, over one year prior to Defendant's sentencing. *See* Sentencing Guidelines for the United States Courts, 88 Fed. Reg. 60534 (Sept. 1, 2023); U.S.S.G. § 1B1.10.

Amendment 821 was in effect at the time of Defendant's sentencing and was applied to the sentencing guideline adopted by the Court. (*See* ECF No. 28 at 6.) Defendant has already received the full benefit of Amendment 821, including the two-level reduction for Defendant's "zero-point offender" status. (ECF No. 28 at 6 "Chapter Four Adjustment.") Therefore, the Sentencing Commission has not lowered Defendant's applicable guideline range subsequent to his sentence and a sentence reduction is not authorized under 18 U.S.C. § 3582(c)(2).

For the foregoing reasons, the Court DENIES Defendant's motion. (ECF No. 35.)

IT IS SO ORDERED.

Date: September 25, 2025

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE